J-S65036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY TUSWEET SMITH, | |
| Appellant | No. 322 WDA 2016 |

Appeal from the PCRA Order February 2, 2016
in the Court of Common Pleas of Beaver County
Criminal Division at Nos.: CP-04-CR-0000967-2001;
CP-04-CR-0000147-2005
CP-04-CR-0001148-2005
CP-04-CR-0001151-2005

BEFORE:  LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:          **FILED:  SEPTEMBER 12, 2016**

Appellant, Anthony Tusweet Smith, appeals *pro se* from the order dismissing his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

The PCRA court summarized the relevant background of this case as follows:

> On March [1]5, 2002, following a jury trial, [Appellant] was convicted of aggravated assault and criminal attempt to commit homicide.  On April 17, 2002, [Appellant] was sentenced to 120 to 240 months of incarceration.  The judgment of sentence was affirmed by the Superior Court of Pennsylvania on February 3, 2004.  [Appellant] filed a timely petition for allowance of appeal

_____

[*] Retired Senior Judge assigned to the Superior Court.

to the Supreme Court of Pennsylvania, which was denied on July 1, 2004. [Appellant] did not seek review by the Supreme Court of the United States.

[Appellant] filed his first, counseled, PCRA petition on September 20, 2005. Following a hearing, the PCRA [petition] was denied on November 5, 2007, and [Appellant] did not appeal. [Appellant] filed a second, *pro se* PCRA petition on June 3, 2008. The petition was dismissed on September 22, 2008. He filed a third [*pro se*] PCRA petition o[n] August 28, 2013. His third PCRA petition was found to be untimely, and the [c]ourt therefore denied the petition. The Superior Court affirmed the order denying the petition. A [p]etition for [a]llowance of [a]ppeal filed with the Pennsylvania Supreme Court was denied on December 30, 2014.

(PCRA Court Opinion, 1/14/16, at 1-2).

On November 23, 2015, Appellant filed the instant *pro se* PCRA petition, claiming that Pennsylvania Attorney General Kathleen Kane improperly failed to disclose certain exculpatory records to him. (**See id.** at 1; PCRA Petition, 11/23/15, at 1-5). On January 14, 2016, the PCRA court entered an opinion and order, serving as notice of its intent to dismiss the petition as untimely without a hearing. **See** Pa.R.Crim.P. 907(1). On February 2, 2016, Appellant filed a *pro se* response, and on that same date, the PCRA court entered its order dismissing the petition. This timely appeal followed.[1]

Appellant raises the following questions for our review:

_____

[1] Pursuant to the PCRA court's order, Appellant filed a timely concise statement of errors complained of on appeal on March 14, 2016. The court entered an opinion on March 17, 2016. **See** Pa.R.A.P. 1925.

I. Whether the conduct of the Attorney General influenced the non[-]disclosure of exculpatory PSP [(Pennsylvania State Police)] property records of incident [numbers] D4-0947377 INV# 4321PP, D4-0960800 INV# D4-4321PP and Commonwealth Exhibit No. 37, where being charged with crimes of *crimen falsi* reflects that deceit is a tactic utilized to the benefit of the Attorney General's litigation in violation of the Pennsylvania Rules of Professional Conduct, the Constitution(s) of Pennsylvania and the United States?

II. Whether title 42 [Pa.]C.S.[A.] § 9545[](a)(b)(1)(i) & (2) recognizes the subpoena of exculpatory PSP property records that have not been disclosed by the Attorney General's office after multiple requests have been made?

III. Whether the PCRA court abused its discretion in refusing to excuse itself from [this] case in concert with Code of Judicial Conduct 2.11(A)(6)(b), where as district magistrate in case [sic] a false affidavit was presented to the district magistrate and the trust or relationship involved with the presentation involved with the presentation [sic] of the complaint allowed the false affidavit to proceed into criminal court?

IV. Whether [] Appellant is entitled to a hearing for the purpose of testimony from Appellant and trial counsel to substantiate the fact that partial PSP-PRI's ([Property Record of Incident)] were provided to trial counsel that propelled the presentation of evidence from case other than Appellant's?

(Appellant's Brief, at 4 (some capitalization omitted)); *see id.* at 7

(explaining "PSP"/"PRI" references).[2]

---

[2] We note that Appellant's *pro se* brief fails to conform to our Rules of Appellate Procedure. Significantly, the argument section is meandering, unfocused, and lacks pertinent legal discussion, in violation of Rule 2119. *See* Pa.R.A.P. 2119(a)-(c). Although this Court is willing to construe *pro se* materials liberally, *pro se* litigants must comply with procedural rules. *See Commonwealth v. Lyons*, 833 A.2d 245, 251-52 (Pa. Super. 2003),
*(Footnote Continued Next Page)*

- 3 -

We begin by addressing the timeliness of Appellant's instant PCRA petition.

> Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed. The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.
>
> A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). . . .

***Commonwealth v. Brown***, 2016 WL 1178378, at *4-5 (Pa. Super. filed Mar. 24, 2016) (case citations and some quotation marks omitted).

Here, Appellant's judgment of sentence became final on September 29, 2004, ninety days after our Supreme Court denied allowance of appeal. ***See*** U.S. Sup. Ct. R. 13. Appellant therefore had until September 29, 2005, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). He filed the

_____

*(Footnote Continued)* ⸺⸺⸺⸺⸺⸺

*appeal denied*, 879 A.2d 782 (Pa. 2005). This Court could dismiss this appeal in light of the substantial briefing defects. ***See*** Pa.R.A.P. 2101. However, in the interest of judicial economy, we will address Appellant's claims pertinent to our disposition to the extent we are able to discern them.

present petition, his fourth, on November 23, 2015. Thus, it was patently untimely.

A court may consider an untimely PCRA petition if one of the following three exceptions applies:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i–iii); *see Brown*, *supra* at *5. If an exception applies, a petitioner must file the PCRA petition "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "[Our Supreme] Court has repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2008) (citation omitted).

Additionally, it is well-settled that "a PCRA petitioner is not automatically entitled to an evidentiary hearing." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's

claim is patently frivolous and has no support either in the record or other evidence." ***Id.*** (citation omitted).

Instantly, Appellant argues the applicability of the governmental interference exception. (***See*** Appellant's Brief, at 4, 14-15); 42 Pa.C.S.A. § 9545(b)(1)(i). This provision requires a petitioner to plead and prove that the failure to raise the claim previously was the result of interference by government officials, and that the interference violates the United States or Pennsylvania Constitution or laws. ***See Commonwealth v. Abu–Jamal***, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied,* 555 U.S. 916 (2008); ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1095 (Pa. 2010).

However, Appellant fails to explain coherently how government officials interfered with his ability to raise his substantive PCRA claims challenging his conviction or sentence. Instead, he lodges a series of accusations personally attacking the "character" of the former Pennsylvania Attorney General, who was not even in office at the time he was convicted. (***See*** Appellant's Brief, at 11 (arguing "[t]he character of the PA Attorney General shows that deceit is a tactic utilized to the benefit of the PA Attorney General's litigation.")). Appellant baldly concludes that the fact that criminal charges unrelated to the instant case have been brought against the Attorney General "show[s] that it is **possible**[] that the evidence presented at [his] trial is being concealed by the partial disclosure of exculpatory PSP-PRI's." (***Id.*** at 11-12) (emphasis added). After review, we conclude that Appellant has failed to meet his burden of pleading and proving the

applicability of the governmental interference exception to the PCRA's time-bar. **See Hawkins**, **supra** at 1253.

To the extent that Appellant invokes the benefit of the after-discovered facts exception to the time-bar based on the case against the Attorney General, (**see** Appellant's Brief, at 9, 11, 22); 42 Pa.C.S.A. § 9545(b)(1)(ii), we likewise conclude that he has failed to establish entitlement to relief. To meet this exception, a petitioner must show "1) the discovery of an unknown fact; 2) the fact could not have been learned by the exercise of due diligence; and 3) the petition for relief was filed within 60 days of the date that the claim could have been presented." **Commonwealth v. Smith**, 35 A.3d 766, 771 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012) (emphasis omitted). Here, Appellant has failed to demonstrate that he has discovered any **fact** related to his conviction or sentence. Appellant's rambling and speculative tirade alleging misconduct on the part of the Attorney General based on charges brought against her in a matter completely unrelated to the instant case is insufficient to prove the applicability of the after-discovered facts exception to this case.

With respect to Appellant's claim that he is entitled to a hearing on the PCRA petition, (**see** Appellant's Brief, at 20-21), we disagree. Because Appellant presented no genuine issue of material fact concerning the timeliness of his petition, the PCRA court properly dismissed it without a hearing. **See** Pa.R.Crim.P. 907(1); **Miller**, **supra** at 992.

In sum, we conclude that Appellant has not met his burden of proving his untimely petition fits within one of the three exceptions to the PCRA's time-bar. **See Brown**, *supra* at *4-5. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2016